UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FENOFIBRATE
PATENT LITIGATION

MDL No. 2241

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff Lupin Atlantis Holdings S.A. (Lupin) moves for centralized pretrial proceedings of this litigation in the Eastern District of Pennsylvania. Plaintiffs' motion encompasses six actions pending in four districts, as listed on Schedule A.[1]

Mylan defendants[2] do not oppose centralization in the Eastern District of Pennsylvania, and the Ranbaxy defendants[3] do not oppose centralization so long as it does not delay resolution of a motion for summary judgment they intend to file in the *Ranbaxy* action. Defendants Apotex Corp. and Apotex, Inc. (Apotex) initially supported centralization in either the Eastern District of Pennsylvania or the Southern District of New York; however, at oral argument, Apotex indicated that it now supports selection of only the latter district as the transferee forum. Relatedly, defendants Cerovene, Inc. (Cerovene) and Paddock Laboratories, Inc. (Paddock) initially opposed centralization but stated at oral argument that they now do not oppose centralization in the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Lupin brought the actions in this litigation after various generic drug manufacturer defendants submitted Abbreviated New Drug Applications with the Food and Drug Administration (FDA), seeking approval to make and sell generic versions of the Lupin drug Antara (fenofibrate), a drug used for the treatment of high cholesterol (hypercholesterolemia) and high triglyceride levels (hypertriglyceridemia). All six actions share facts

---

[*] Judge Barbara S. Jones did not participate in the decision of this matter.

[1] The parties have notified the Panel of a related action pending in the Eastern District of Pennsylvania. This action and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[2] Mylan Pharmaceuticals, Inc., and Mylan, Inc.

[3] Ranbaxy Laboratories Ltd.; Ranbaxy Pharmaceuticals, Inc.; and Ranbaxy, Inc.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____ Deputy Clerk

- 2 -

related to the infringement or validity of one or more patents[4] relating to Antara. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

In initially opposing centralization, Paddock and Cerovene principally argued that centralization would disrupt the schedule of the Southern District of New York action. We respectfully disagree. The overall benefits of centralization of this complex Hatch-Waxman patent litigation concerning the entry of generic competitors to Lupin's Antara drug far outweigh any potential temporary inconvenience to particular parties. Centralization under Section 1407 allows us to assign these actions to a single judge who can ensure that pretrial proceedings regarding both patents are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of all parties and the courts. *See In re: Rosuvastatin Calcium Pat. Litig.*, 560 F.Supp. 2d 1381, 1383 (J.P.M.L. 2008) ("Actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407.").

Either of the proposed transferee districts could ably serve as the transferee forum. On balance, we are persuaded that the Southern District of New York is an appropriate transferee district for centralized pretrial proceedings in this litigation. The first-filed action, which involves Paddock's fenofibrate application with the FDA (the first such application before the FDA among the actions before the Panel), is pending in this district. Defendant Cerovene, which Lupin and patent owner Ethypharm, S.A., allege contributed to the infringement of the '574 patent by supplying the pharmaceutical dosage form technology used in the development of Paddock's application, is also based in this district. Further, by assigning this docket to Judge Jed S. Rakoff, we are selecting an experienced transferee judge to steer this litigation on a prudent and expeditious course to resolution.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Paul J. Barbadoro

---

[4] All actions contain allegations with respect to United States Patent Nos. 7,101,574 or 7,863,331.

**IN RE: FENOFIBRATE**
**PATENT LITIGATION**　　　　　　　　　　　　　　　　　　　　　MDL No. 2241

## SCHEDULE A

<u>District of Delaware</u>

Lupin Atlantis Holdings S.A. v. Apotex Inc., et al., C.A. No. 1:11-00234

<u>Southern District of New York</u>

Lupin Atlantis Holdings S.A., et al. v. Paddock Laboratories, Inc., et al.,
　C.A. No. 1:11-00668

<u>Eastern District of Pennsylvania</u>

Lupin Atlantis Holdings S.A. v. Ranbaxy Laboratories Limited, et al.,
　C.A. No. 2:10-03897
Lupin Atlantis Holdings S.A. v. Mylan Inc., et al., C.A. No. 2:11-01930
Lupin Atlantis Holdings S.A. v. Apotex Inc., et al., C.A. No. 2:11-01931

<u>Western District of Pennsylvania</u>

Lupin Atlantis Holdings S.A. v. Mylan, Inc., et al., C.A. No. 2:11-00358